JOHN V. JOHNSON
341 Flume Street, Suite C
Chico, California 95928
Telephone: (530) 893-0696
State Bar #103137

Attorney for Plaintiff

FILED

NOV 30 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VICTOR JOHNSON,<br><br>   Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>   Defendant. | CIV. NO. 2:09-CV-01603 GGH<br><br>STIPULATION FOR ATTORNEY FEES UNDER THE EQUAL <u>EQUAL ACCESS TO JUSTICE ACT</u> |

   IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), in the amount of SIX THOUSAND FIVE HUNDRED dollars ($6,500). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with his civil action, in accordance with 28 U.S.C. Section 2412(d).

   After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to <u>Astrue v. Ratliff</u>, - S.Ct. -, 2010 WL 2346547 (U.S. June 14, 2010), the ability to honor this agreement will depend on whether the fees are subject to any offset allowed under the United States Department of Treasury's

1

1  Offset Program. After the order for EAJA fees is entered, the government will
2  determine whether they are subject to any offset.
3      Fees shall be made payable to Plaintiff, but if the Department of Treasury
4  determines that Plaintiff does not owe a federal debt, then the government shall
5  cause the payment of fees to be made directly to Plaintiff's attorney pursuant to the
6  assignment executed by Plaintiff. Any payments shall be delivered to Plaintiff's
7  counsel.
8      This stipulation constitutes a compromise settlement of Plaintiff's request
9  for EAJA attorney fees and costs, and does not constitute an admission of liability
10 on the part of Defendant under the EAJA. Payment of the agreed amount shall
11 constitute a complete release from, and bar to, any and all claims that Plaintiff
12 and/or Plaintiff's counsel may have relating to EAJA attorney fees and cost in
13 connection with this action.
14     This award is without prejudice to the right of Plaintiff's counsel to seek
15 Social Security Act attorney fees under 42 U.S.C. section 406, subject to the
16 provisions of the EAJA.

17 DATED: November 19, 2010                Respectfully Submitted,

19                                         / s /   John V. Johnson
20                                         Attorney for Plaintiff

22                                         / s /   Armand Roth
23                                         Attorney for Defendant

24 Approved.
25 Dated: Nov. 30, 2010
                                           GREGORY G. HOLLOWS
                                           _____
                                           U.S. Magistrate Judge

2